UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Tayron T. Weeks

    v.                                Case No. 20-cv-534-LM

Michael J. Frank

**REPORT AND RECOMMENDATION**

Plaintiff Tayron T. Weeks, proceeding without an attorney, has filed a civil complaint seeking a $1.717 million "default judgment" against the defendants — the United States of America and Assistant U.S. Attorney Michael J. Frank – on the grounds that they purportedly failed to respond to certain documents filed by Weeks in the U.S. District Court for the Eastern District of Virginia.  His complaint (Doc. No. 1) is before the magistrate judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

I.    **Preliminary Review Standard**

The court conducts a review of cases filed by plaintiffs without counsel to determine, among other things, whether the complaint states any claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

1

The court treats as true all well-pled factual allegations and construes all reasonable inferences in the plaintiff's favor. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011). In doing so, the court may consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (citations omitted). The court may dismiss a pro se plaintiff's case at any time if the complaint fails to state a claim upon which relief may be granted, the defendant is immune from the relief sought, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2).

## II. Background

Tayron Weeks is a 28-year-old man currently serving a 132-month sentence at the Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"). In 2014, Weeks pled guilty in the District Court for the Eastern District of Virginia to a one-count criminal information charging him with sex trafficking of a child, in violation of 18 U.S.C. § 1591(a), (b)(2), & (c).[1] United States v. Weeks, No. 14-cr-313-TSE (E.D. Va.) (ECF Nos. 18, 19). In July 2019, four years after his sentencing, Weeks

---

[1] The court takes judicial notice of the documents filed in Weeks's criminal proceedings. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

filed an "affidavit" in the E.D. Va. proceeding declaring his "nonconsent to incarceration." Id. (ECF No. 50). Several months later, he also filed in that matter a "judicial notice of special deposit security instruments," which declared, among other things, "his rescission of signature" to his written plea agreement because he was "misguided" when he entered into it. Id. (ECF No. 53). In both filings, Weeks pressed several arguments commonly raised by "sovereign citizens,"[2] including that the U.S. District Courts lack jurisdiction over criminal cases.

Though the E.D. Va. District Court initially construed these filings as seeking a release from custody under 28 U.S.C. § 2255, Weeks objected to this construction, making it inappropriate for the court to transform his notice into a motion under § 2255. See Order, United States v. Weeks, No. 14-cr-313-TSE (E.D. Va. Apr. 27, 2020) (ECF. No. 60, at 1, 4) ("E.D. Va. Order"); Castro v. United States, 540 U.S. 375 (2003) (requiring district courts to notify pro se litigants of their intention to recharacterize pleadings, warn litigants of the bar against second or successive motions under § 2255, and provide

---

[2] "Sovereign citizens" are a loosely affiliated group who, among other things, "believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law." United States v. Brown, 669 F.3d 10, 19 n.12 (1st Cir. 2012) (internal citation omitted); Johnson v. Weare Police Dep't, No. 12-CV-032-SM, 2013 WL 5740453, at *2 (D.N.H. Oct. 23, 2013). Weeks does not identify as a sovereign citizen in his complaint.

litigants an opportunity to withdraw or amend their pleadings). The E.D. Va. District Court ultimately ruled that, because Weeks "did not seek to challenge his conviction or sentence under § 2255, there [was] no basis under which to consider" his argument that he was "misguided" when he entered into his plea agreement. E. D. Va. Order (ECF No. 60, at 5). Additionally, it found that Weeks's remaining sovereign citizenship claims had been uniformly rejected by the federal courts, were frivolous, and failed to state a claim that could afford him relief. Id. at 5-6; see also Judgment of Fourth Circuit Court of Appeals (ECF No. 70) (affirming the District Court's denial of Weeks's requests for relief). Four days later, Weeks filed a civil complaint in this court, asserting monetary claims based on his E.D. Va. litigation. He does not appear to seek habeas relief.

### III. **Analysis**

The district judge should dismiss Weeks's complaint, as even with a liberal construction, Weeks has not alleged facts sufficient to confer this court with jurisdiction and, alternatively, because there is no basis for granting the monetary relief Weeks explicitly seeks. See Fed. R. Civ. P. 12(b)(1) & (6).

Simply put, Weeks seeks a "default judgment" in the amount of $1.717 million against the defendants for having "failed to serve and file any responses or otherwise respond" to the 2019

4

notice and affidavit he filed in his E.D. Va. litigation. See Weeks Decl. (Doc. No. 1-2); Weeks 2019 Notice (Doc. No. 1-3); Weeks Aff. (Doc. No. 1-3).  In these filings, Weeks asserts that he was forced or deceived to sign his written plea agreement, "never consented to" his incarceration, and "was not afforded due process of law due to the sworn fact that the United States District Court . . . only has the authority to handle" civil, and not criminal, matters.  Weeks Aff. (Doc. No. 1-3, at 2).  He further contends, without any authentic evidentiary basis, that the award of his requested monetary claim is "past due."  Id.

To the extent Weeks seeks to vacate his conviction through these allegations, he has failed to allege facts showing that this court has jurisdiction to consider such a claim. Generally, challenges to a federal conviction or sentence must be brought by a motion under 28 U.S.C. § 2255 in the district where the prisoner was sentenced, here the U.S. District Court for the Eastern District of Virginia.  See 28 U.S.C. § 2255(a); Edwards v. Warden, FCI Berlin, No. 19-CV-1271-JD, 2020 U.S. Dist. LEXIS 83394, at *2, 2020 WL 2404886, at *1 (D.N.H. May 12, 2020).  Under § 2255's "savings clause," this court may consider post-conviction arguments challenging the legality of Weeks's detention only if he shows that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his [or her] detention."  28 U.S.C. § 2255(e).  Weeks's complaint,

5

however, makes no attempt to show that § 2255 is inadequate or ineffective to test the legality of his detention. The district judge should therefore dismiss Weeks's complaint to the extent he in fact seeks relief available, if at all, under § 2255.

Alternatively, if this court has jurisdiction, Weeks has not alleged facts that could support a claim for non-habeas forms of relief, including the $1.717 million monetary award he seeks. To file suit against the United States or a federal officer, a plaintiff must first show that his or her claim falls within a recognized exception to sovereign immunity. Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 140 (1st Cir. 2017). Additionally, "to recover damages for allegedly unconstitutional conviction or imprisonment," the plaintiff must demonstrate that his or her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. 477, 487–88 (1994). Weeks's civil complaint, even when liberally construed, fails to satisfy either of these pleading requirements. And publicly available records confirm that Weeks's conviction and sentence remain in full effect without alteration by federal writ.

Weeks's complaint – with its challenge to the U.S. District Courts' jurisdiction over criminal cases, its counter-factual assertions of procedural default, and its reliance on documents as legal tender – essentially repeats arguments sounding in "sovereign citizenship" theories that have consistently been found to lack "any basis in law or fact."  See Brown v. United States, No. 1:16-MC-00040-GZS, 2016 WL 6585602, at *2 (D.N.H. Oct. 13, 2016), R&R adopted, 2016 WL 6583616 (D.N.H. Nov. 7, 2016); In re Hayes, No. ADV 11-80731-JW, 2011 WL 4566378, at *3 (Bankr. D.S.C. Sept. 22, 2011) (aggregating sovereign citizen cases, which have been consistently denied by the federal courts).  These frivolous arguments are further precluded by the doctrine of collateral estoppel, which bars a party from litigating an issue that was fully and fairly adjudicated either in an earlier federal or state-court proceeding – here Weeks's E.D. Va. litigation.  See Robb Evans & Assocs., LLC v. United States, 850 F.3d 24, 31 (1st Cir. 2017); Johnson v. Mahoney, 424 F.3d 83, 93 (1st Cir. 2005).  Additionally, Weeks's complaint cannot be saved by further amendment with additional facts that could cure these jurisdictional and sufficiency flaws.

**IV.  Conclusion**

For the reasons set forth above, the district judge should dismiss Weeks's complaint in its entirety without prejudice to his ability to file a motion under 28 U.S.C. § 2255 in the

district where he was sentenced.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

　　　　　　　　　　　　　　　　　　／s／ Andrea K. Johnstone
　　　　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

February 26, 2021

cc:  Tayron T. Weeks, pro se